Scott Keith Wilson, Federal Public Defender (#7347)
Adam G. Bridge, Assistant Federal Public Defender (#14552)
Federal Public Defender's Office
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101
Phone: (801) 524-4010
Email: adam_bridge@fd.org

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br> vs. <br><br> Dyllan Scott Gabbard, <br><br> Defendant. | **Motion to Reopen Detention Proceedings** <br><br><br><br> Case No. 1:20-cr-37-CW-DAO |

Mr. Gabbard respectfully moves to reopen detention proceedings based on "information…that was not known to [him] at the time of the hearing and that has a material bearing on whether there are conditions of release that will reasonably assure [his appearance] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

**Introduction**

On June 25, 2020, the government charged Mr. Gabbard by complaint with possession, distribution, and production of child pornography (Doc. 1). He appeared June 29, 2020, and requested more time to prepare for a detention hearing (ECF

1

No. 11).

The Court held a detention hearing July 2, 2020 (ECF No. 16). After hearing from both sides, the Court detained Mr. Gabbard, finding him an unmanageable risk of danger to the community (Doc. 17). Among other things, the Court expressed concern about Mr. Gabbard's mental health and limited ties to Utah, his plan to remain in the District of Utah pretrial, and Pretrial Service's inability to connect with his mother to gauge her level of support (*Id.*).

## Argument

The Court should reopen detention proceedings and enter an order setting conditions of release based on new information that should ameliorate the Court's concerns.

Since the detention hearing July 2, Pretrial Services has made contact with Melissa Gabbard, defendant's mother. On information and belief, she verified the relevant information in the Pretrial Services Report. She's also willing to serve as a third-party custodian. Ms. Gabbard can travel to Utah to transport Mr. Gabbard to her home in Houston, Texas, where she lives with the defendant's adult siblings. There are no children or firearms in the home. She can supervise Mr. Gabbard and monitor his compliance with any conditions of release the Court may impose, including mental health treatment, medication compliance, a curfew, location monitoring, and the Computer and Internet Monitoring Program.

With a third-party custodian and a release plan in Houston, Texas, the Court

can now fashion a set of conditions that will reasonably assure Mr. Gabbard's appearance and the safety of the community.

## Conclusion

For these reasons, Mr. Gabbard moves to reopen detention proceedings under 18 U.S.C. § 3142(f)(2). He requests a hearing at the earliest possible date.

Dated July 16, 2020.

                                        Respectfully Submitted:
                                        **Dyllan Scott Gabbard**

                      By:   */s/ Adam G. Bridge*
                                        Adam G. Bridge
                                        Assistant Federal Public Defender